PEOPLE v SPRUYTTE

CRIMINAL LAW—APPEAL AND ERROR—RECORD—EXHIBITS.

New matter not part of the trial record which was stamped as an "exhibit" and submitted by the prosecution in a criminal appeal was stricken from the record as were responsive affidavits submitted by the defendant because an appellate court tries cases on a record made in the trial court and not on after-the-fact affidavits and "exhibits".

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 April 5, 1973, at Lansing. (Docket No. 14200.) Decided June 27, 1973.

Floyd Spruytte was convicted of larceny from the person. Defendant appeals. Remanded for evidentiary hearing on the issues raised on appeal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Wayne Stewart,* for defendant on appeal.

Before: McGREGOR, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. Defendant was charged with unarmed robbery, MCLA 750.530; MSA 28.798. Upon

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 515 *et seq.*
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

trial to a jury he was convicted of the lesser included offense of larceny from the person, MCLA 750.357; MSA 28.589. He appeals of right.

He asserts error by reason of the trial judge's denial of his retained attorney's motion to withdraw from the case on the stated ground that the defendant "does not desire my services, and if he is not going to cooperate with me, I can't possibly do the job, to do the best job possible in his defense".

To this the defendant replied that he "didn't hire Mr. Huff", but that he "went to the * * * office * * * to retain Mr. Butler" and "told him that he is the man that I wanted to represent me and that was that".

The prosecuting attorney then addressed the court as follows:

"I would strenuously object to any change of counsel at this late date * * * . Personally I think it's a dilatory tactic. I think that he wants to stall the trial * * * . The people's witnesses are here. We are ready to go * * * [and] I think it would be unjust if an adjournment were granted in this case."

There followed additional exchanges between the defendant and the court concerning defendant's failure to advise the court of his dissatisfaction with the attorney before the morning of the trial. To this defendant replied that he was denied the use of a telephone while confined and that his mail was censored. It appears from the record that the involved attorney appeared on behalf of the defendant on arraignment in the district court, on the arraignment in the circuit court, and at the pretrial conference. The trial judge then ruled "Let's proceed with the trial. * * * Get a panel."

The problem is vexatious. A busy trial judge has

the case regularly scheduled. The people are there with their witnesses. The court certainly has control of its docket and can guard against mere delay on fictitious or frivolous grounds. Yet the defendant maintains vigorously that the attorney present was not the one he insisted upon as his trial counsel. He asserts a refusal of the custodians of the place of confinement to allow him access to phone or letter communication to get this information to the court.

These are serious charges. They strike at the very heart of the constitutional protection against incommunicado detention.

This is not the typical case of a defendant seeking an adjournment and a change of assigned counsel for insubstantial reasons.

It was certainly the prosecution's right to oppose an adjournment. However, his standing to object to "any change of counsel at this late date" when retained counsel formally sought to withdraw is at least questionable.

Appellate counsel was assigned and defendant's appeal was duly perfected. A brief in support of his position was filed. Responsively the prosecuting attorney filed an "answer brief" to which were appended two affidavits, one by the attorney who was present in court and who made the motion to withdraw; the other by the attorney defendant claimed was supposed to represent him at trial. Additionally, there was a transcript of questioning of defendant by a detective in the Macomb County sheriff's department in the presence of the counsel who moved to withdraw on the morning of the trial. Also included were abstracts of some sort from the district court. In all there were eight documents designated by a stamp as prosecution exhibits one through eight. Not one of these were

offered or admitted in trial. Defendant thereupon filed counter affidavits by himself and his mother.

The practice of stamping as an "exhibit" new matter not part of the trial record is disapproved. This is an appellate court which tries cases on a record made and not on after the fact affidavits and "exhibits" so-called.

We strike them from the record as we do the responsive affidavits of the appellant. We neither affirm nor reverse. We remand for a full evidentiary hearing on defendant's claim of denial of access to telephone or letter communication in his asserted effort to insist on the personal representation by the attorney claimed to have been retained by him and such other evidence or testimony as may bear on the issues raised in the colloquy which took place on the morning of the trial. We direct the immediate certification of the record so made to this Court. We specifically retain jurisdiction.

Remanded for proceedings as directed herein.

All concurred.