PEOPLE v SPRUYTTE

CRIMINAL LAW—EVIDENTIARY HEARING—FINDING OF TRIAL COURT—
    APPEAL AND ERROR.
    The conviction of a defendant is not reversed where a lower court
    found, after an evidentiary hearing, that defendant's assertions
    that he had been denied access to telephone or letter communi-
    cation to retain counsel were without merit, and where the
    finding was not clearly erroneous.

Appeal from Macomb, Walter P. Cynar, J. Sub-
mitted Division 2 April 5, 1973, at Lansing.
(Docket No. 14200.) Decided March 29, 1974.

Floyd Spruytte was convicted of larceny from
the person. Defendant appeals. Remanded for evi-
dentiary hearing. On resubmission after remand,
affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Don L. Milbourn,* Assistant
Prosecuting Attorney, for the people.

*Wayne Stewart,* for defendant on appeal.

Before: McGREGOR, P. J., and QUINN and
O'HARA,* JJ.

PER CURIAM. Our initial opinion in the instant

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 1147.
    * Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

case is reported at 48 Mich App 135; 210 NW2d 155 (1973).

The cause was remanded to the trial judge with instructions to hold an evidentiary hearing:

"on defendant's claim of denial of access to telephone or letter communication in his asserted effort to insist on the personal representation by the attorney claimed to have been retained by him and such other evidence or testimony as may bear on the issues raised in the colloquy which took place on the morning of the trial." 48 Mich App at 138; 210 NW2d at 157.

We have read the voluminous transcript of the evidentiary hearing with care. It consists of some 350 pages. The trial judge specifically found with record support that the defendant had retained Mr. Huff to represent him in all proceedings incident to the present case and that the claim defendant had retained only Mr. Butler, personally, as counsel was unsustained. Additionally, the trial judge also found adversely to defendant's claimed denial of access to telephone or letter communication which allegedly prevented him from informing the court about defendant's desire to retain different counsel until the day designated for trial. We cannot say that the lower tribunal's finding that defendant's assertions were without merit is clearly erroneous.

Conviction affirmed.